UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

RICKEY I. KANTER,

        Plaintiff,

v.

    Civil Action No. 16-cv-01121

LORETTA ELIZABETH LYNCH,
Attorney General of the United States, and
BRAD SCHIMEL, Attorney General of the
State of Wisconsin,

        Defendants.

### DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF PROPOSED MATERIAL FACTS

Pursuant to Local Civil Rule 56(b)(2)(B), Defendant hereby submits the following response to Plaintiff's Statement of Proposed Material Facts. (ECF No. 29)

As explained more fully in Defendant's Reply in Support of its Motion to Dismiss and in Opposition to Plaintiff's Motion for Summary Judgment, the only fact that is material in this case is that plaintiff pled guilty to mail fraud, *see* Compl. Ex. A., and that fact is undisputed. The remaining facts asserted in Plaintiff's Statement of Proposed Material Facts are immaterial under Defendant's legal theory. *See Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986) ("As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.").

In the event the Court rejects Defendant's legal theory, Defendant hereby responds to each of Plaintiff's asserted facts by identifying those as to which Defendant contends there may

1

exist a genuine issue and/or the need for discovery pursuant to Federal Rule of Civil Procedure 56(d), should the Court deny Defendant's Motion to Dismiss.

1. Rickey Kanter is a husband, father, and businessman residing in Mequon, Wisconsin, who wishes to purchase and possess a firearm for legal purposes.

**RESPONSE**: Defendant lacks sufficient information to form a belief as to the truth of these assertions, and thus, denies them at this time and reserves the right to request discovery pursuant to Rule 56(d) in the event the Court denies Defendant's Motion to Dismiss.

2. Kanter is over the age of 21, is not under indictment, has never been convicted of a felony or misdemeanor crime of domestic violence, is not a fugitive from justice, is not an unlawful user of or addicted to any controlled substance, has not been adjudicated a mental defective or committed to a mental institution, has not been discharged from the Armed Forces under dishonorable conditions, has never renounced his citizenship, and has never been the subject of a restraining order relating to an intimate partner.

**RESPONSE**: Defendant lacks sufficient information to form a belief as to the truth of these assertions, and thus, denies them at this time and reserves the right to request discovery pursuant to Rule 56(d) in the event the Court denies Defendant's Motion to Dismiss.

3. Kanter has been convicted of only one crime in his lifetime.

**RESPONSE**: Defendant lacks sufficient information to form a belief as to the truth of these assertions, and thus, denies them at this time and reserves the right to request discovery pursuant to Rule 56(d) in the event the Court denies Defendant's Motion to Dismiss.

4. On May 24, 2011, Kanter pled guilty to one count of mail fraud under 18 U.S.C. § 1341 for an alleged underlying offense that ended in March 2006. (Compl. Ex. A, Judgment in a Criminal Case, Case No. 11-CR-80 in the District Court for the Eastern District of Wisconsin.)

**RESPONSE**: Defendant does not dispute that Plaintiff pled guilty to one count of mail fraud under 18 U.S.C. §1341. As to the remainder of the paragraph, Defendant lacks sufficient information to form a belief as to the truth of these assertions, and thus, denies them at this time and reserves the right to request discovery pursuant to Rule 56(d) in the event the Court denies Defendant's Motion to Dismiss.

5. As part of the Plea Agreement filed on April 11, 2011 in Kanter's criminal case, Kanter and the United States acknowledged that if the case were to proceed to trial, the government would be able to prove the following facts beyond a reasonable doubt (Compl. Ex. B, the Plea Agreement entered into between Mr. Kanter and the United States on April 11, 2011).

**RESPONSE**: Undisputed. Defendant also does not dispute any of the quotations from Plaintiff's plea agreement in paragraphs 5(a)-5(r), to the extent they are consistent with the plea agreement. If any quotations in 5(a)-5(r) are inconsistent with Plaintiff's plea agreement, Defendant denies such assertions at this time and reserves the right to request discovery pursuant to Rule 56(d) in the event the Court denies Defendant's Motion to Dismiss.

6. Judgment was imposed against Kanter on September 15, 2011, and he was sentenced to an imprisonment term of twelve months and one day. (Compl. Ex. A.)

**RESPONSE**: Undisputed.

7. Kanter served his sentence and paid criminal monetary penalties. (Compl. ¶ 11.)

**RESPONSE**: Undisputed.

Respectfully submitted this 9th day of January, 2017.

Dated: January 9, 2017                    Respectfully submitted,

3

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

JOHN R. TYLER
Assistant Branch Director

*/s/ Michael L. Drezner*
MICHAEL L. DREZNER
VA Bar #: 83836
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, DC 20530
Telephone: (202) 514-4505
Facsimile: (202) 616-8470
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 9, 2017, a copy of the foregoing was filed electronically via the Court's ECF system, which effects service upon counsel of record.

                                        */s/ Michael L. Drezner*
                                        Michael L. Drezner